UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-399-JSD |
| | ) |
| LELAND DUDEK, | ) |
| ACTING COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant.[1] | ) |
| | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Sheila B. ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. For the reasons stated herein, the Court affirms the Social Security Administration's denial of Plaintiff's claim for DIB.

**I.   Background**

On December 11, 2020, Plaintiff filed an application for DIB benefits. (Tr. 204-05) Plaintiff's claim was initially denied on June 28, 2021 (Tr. 109-13) and denied reconsideration on October 1, 2021. (Tr. 117-19) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on February 28, 2023. (Tr. 19) The ALJ issued an unfavorable decision, dated April 3, 2023. (Tr. 19-27)

In the opinion, the ALJ found that Plaintiff had not performed substantial gainful activity since her application date of February 23, 2021. (Tr. 21) The ALJ found that Plaintiff's severe

---

[1] Leland Dudek is now the Acting Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

impairments were osteoarthritis, chronic obstructive pulmonary disease (COPD), asthma, and obesity. (Tr. 21) The ALJ, however, found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22) The ALJ found Plaintiff had the Residual Functional Capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c) except that she must avoid concentrated exposure to pulmonary irritants. (Tr. 23) The ALJ found that Plaintiff could perform her past relevant work as a front desk receptionist. (Tr. 25) In addition, to her past relevant work, the ALJ found that there were other jobs that exist in significant numbers in the national economy that the claimant also could perform, considering the claimant's age, education, work experience, and RFC (20 CFR 404.1569 and 404.1569a). (Tr. 26)

The Appeals Council denied Plaintiff's Request for Review of Hearing Decision/Order. (Tr. 1-6) *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Plaintiff filed this appeal on March 14, 2024. (ECF No. 1)  On September 16, 2024, Plaintiff filed a Brief in Support of Plaintiff's Complaint. (ECF No. 16) The Commissioner filed a Brief in Support of the Commissioner's Decision on November 13, 2024. (ECF No. 19)

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

## II. Legal Standard

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but

2

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

**III.    Discussion**

A.      **Diabetes**

At Step 2, the ALJ found that Plaintiff's type 2 diabetes mellitus and associated retinopathy was non-severe but found obesity, asthma, and COPD to be severe, along with osteoarthritis. Plaintiff argues that this finding was in direct contrast with the state agency opinions, who found Plaintiff's diabetes was a severe impairment but did not find obesity, asthma or COPD to be a severe impairment. (Tr. 104) Plaintiff complains that the ALJ did not provide a rationale or discussion as to why the state agency finding that diabetes was a severe impairment was not adopted. (ECF No. 16 at 5) Plaintiff notes that the ALJ explained that "evidence does not indicate it is of sufficient severity or frequency to more than minimally affect her ability to meet the basic demands of work activity." (Tr. 22) Plaintiff claims the ALJ "is not a doctor and therefore should not be making decisions regarding the severity of an impairment without a medical basis or a medical opinion upon which to rely." (ECF No. 16 at 5) Plaintiff identifies several instances where her diabetes was out of control, which she claims the ALJ did not reconcile with his conclusion that her diabetes was not a severe impairment. (ECF No. 16 at 6-7)

Even if this had been an erroneous finding, the Court holds that this was harmless error. The ALJ found other impairments to be severe and considered the effect of all of Plaintiff's impairments together, resulting in no harm even assuming the ALJ made an erroneous determination. *See Valley v. Astrue*, No. 4:10CV01393 JTR, 2011 WL 5999260, at *2 (E.D. Ark. Nov. 29, 2011) ("This argument does not merit reversal because the ALJ did not terminate his analysis at step two, instead proceeding through the sequential evaluation and stating that he was considering 'all of the claimant's impairments, including impairments that are not severe,' in formulating Plaintiff's RFC."); *Swartz v. Barnhart,* 188 F. App'x 361, 368 (6th Cir.2006) (where

4

ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); *Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir.1987); *see also* 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe'"), § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

Further, the Court finds that the ALJ properly considered Plaintiff's type-2 diabetes and found that these impairments were not severe. (Tr. 22) Plaintiff was diagnosed with diabetes, as well as hypertension and hyper lipidemia, but the ALJ found that the evidence did not indicate any of these conditions caused symptoms of sufficient severity or frequency to more than minimally affect her ability to meet the basic demands of work activity. (Tr. 22) The ALJ identified that Plaintiff was diagnosed with moderate non-proliferative diabetic retinopathy with macular edema of the eyes, combined forms of bilateral age-related cataract, and presbyopia, but Plaintiff reported no problems with her vision when she used over-the-counter reading glasses and was found to have corrected visual acuity of 20/40 on the right, 20/30 on the left, and 20/30 with both eyes. (Tr. 22, 345, 351)

Plaintiff correctly points out that the state agency medical consultants concluded that Plaintiff's severe impairments included diabetes mellitus (Tr. 98, 104; cf. ECF No. 16 at 4-5) Nevertheless, the medical consultants found that Plaintiff could perform the full range of medium work and she could perform her past relevant work. (Tr. 100-102, 106-08) The medical

5

consultants found no end organ damage due to Plaintiff's diabetes. Thus, the Court finds no reversible error in the ALJ's finding that Plaintiff's diabetes was not a severe impairment.

### B.     Medical Opinions

"The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

Plaintiff complains that the ALJ's did not explain his finding that Plaintiff could perform medium work for 8 hours per day, 5 days per week. (ECF No. 16 at 9) Specifically, Plaintiff notes that the ALJ did not explain what findings, cited by the state agency doctors, supported the RFC. (ECF No. 16 at 9) Plaintiff contends that the state agency doctors only referenced the consultative examination performed on September 14, 2021 (Tr. 300-09) but did not explain how this examination supported a medium RFC. (ECF No. 16 at 9)

The ALJ cited Plaintiff's largely normal physical examinations from her Affinia records as support for the RFC determination. (Tr. 25), Plaintiff, however, claims that the ALJ did not explain how the RFC incorporated her limitations that were discerned during the consultative

6

examination. (ECF No. 16 at 9-10). Specifically, Plaintiff had decreased ROM in the lumbar spine, knees, and hips, along with difficulty hopping on one foot, squatting, and walking on heels and toes, which did not support the finding that she could perform medium work since that requires standing and walking for 6 hours in an 8-hour workday and lifting 50 pounds occasionally. (ECF No. 16 at 10) Plaintiff notes that the normal findings during her physical examinations were not inconsistent with Plaintiff's allegations of pain and other symptoms because her physical examinations largely did not perform ROM testing and many visits were not in-person due to the COVID-19 pandemic. (ECF No. 16 at 10) Therefore, Plaintiff contends the ALJ's decision is not based on substantial evidence as it was not consistent with the evidence.

Further, Plaintiff complains that the ALJ did not provide a discussion of the relevance of the objective medical evidence or whether there was any supporting explanation provided. Plaintiff referenced imaging that revealed hypertrophic spurring and degenerative soft tissue calcifications adjacent to both the left and right greater trochanter in the hips. (Tr. 314). Lumbar imaging showed hypertrophic spurring partially bridging the left L1-2 level, bridging the left side of L2-3 and partially bridging the L4-5 level. (Tr. 332) Plaintiff claims that the ALJ found the treatment records describing occasional complaints of back and hip pain were consistent with Plaintiff's allegations, as well as were x-rays of her hips and lumber spine in 2020. (ECF No. 16 at 11) Plaintiff claims that the ALJ's failure to resolve the differences between the RFC and the medical source opinions warrants remand. (ECF No. 16 at 11-12)

The ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors: supportability, consistency, the medical

7

source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). "The first two factors—supportability and consistency—are the most important." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022); *accord Austin*, 52 F.4th at 723; *see* 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2); *Violet G. v. Kijakazi*, No. 21-CV-2105 (TNL), 2023 WL 2696594, at *5 (D. Minn. Mar. 29, 2023). "These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion." *Bement v. Kijakazi*, No. CV 23-3010, 2023 WL 8720686, at *2 (W.D. Ark. Dec. 18, 2023).

Here, the Court finds that the ALJ's opinion was supported by and consistent with the record. The ALJ discussed Plaintiff's alleged symptoms and limitations and compared those with the relevant medical evidence. The ALJ determined that the evidence as to Plaintiff's diabetes and retinopathy did not rise to the level of severe medical impairments. The ALJ discussed Plaintiff's largely normal objective medical examination findings, including observations of normal walking and stance, getting on and off the examination table, normal reflexes without sensory deficits, normal straight leg raising, stable and non-tender joints, and normal grip and upper extremity strength. (Tr. 24, 304-05, 307-08, 327, 337, 415, 457, 548). Plaintiff denied symptoms of fatigue or dizziness. (Tr. 24, 336, 477, 499) Plaintiff claimed she had neuropathy in her feet but did not use an assistive device and walked normally. (Tr. 300-02, 304)

The ALJ also emphasized that Plaintiff drove 10 miles to her work as a part-time teacher at an after-school program for children in kindergarten through fourth grade. (Tr. 23, 40-42)

8

Plaintiff worked five days per week for three and a half hours per day, watching 35 children. She and another teacher played games and fed the children.

The Court finds that the ALJ properly relied upon the prior administrative medical findings from the state agency medical consultants who determined that Plaintiff retained the ability to perform a full range of work at the medium exertional level. (Tr. 25, 100-01, 106-07) The ALJ found that the medical consultant's findings were consistent with the findings of normal gait, strength, sensation, and reflexes, despite some deficits in range of motion (Tr. 304-08) and the largely normal physical examination findings from treating providers (Tr. 25, 327, 336-37, 393, 415, 457, 477, 499, 548) The ALJ, however, afforded for a greater RFC limitation due to Plaintiff's asthma and COPD and included a need to avoid concentrated exposure to pulmonary irritants. (Tr. 23, 25)

In any event, the ALJ afforded a greater limitation than the state agency medical consultants based upon his evaluation of the record. Because the ALJ found the record supported greater limitations than determined by the consultants, "any error in the ALJ's failure to elaborate on her analysis of these prior administrative findings was harmless." *Laramie v. Kijakazi*, No. 4:22-CV-107 ACL, 2023 WL 2610215, at *5 (E.D. Mo. Mar. 23, 2023). The state agency medical consultants performed evaluation of the medical findings throughout the record, which aligns with the supportability and consistency of their determinations. *See Brewster v. Kijakazi*, No. 4:20-CV-00771-DGK, 2022 WL 385508, at *3 (W.D. Mo. Feb. 8, 2022) (finding ALJ properly explained factors by stating the opinion was "supported internally by explanation and the inclusion of findings from the record" and was consistent with the evidence as a whole); *Horwath v. Kijakazi*, No. 622CV03031DGKSSA, 2023 WL 3865507, at *3 (W.D. Mo. June 7, 2023). Thus, the Court finds that the ALJ's findings were supported by and consistent with the

record based upon the persuasiveness of the prior administrative medical findings from the state agency medical consultants. (Tr. 25) The Court affirms the decision of the ALJ's decision as it was consistent with the evidence as a whole.

### C. Pain Evaluation

Plaintiff complains that the ALJ did not provide a proper pain evaluation regarding his conclusion that Plaintiff could perform medium work. (ECF No. 16 at 13) Plaintiff notes that she alleged being unable to stand or walk for prolonged periods but the ALJ did not account for these limitations in the RFC. *Id*. Plaintiff acknowledges that the lack of objective evidence was the main factor relied upon by the ALJ for the denial of her benefits. (ECF No. 16 at 13). However, Plaintiff emphasizes that the ALJ failed to discuss Plaintiff's daily activities and whether they were consistent with her subjective complaints of pain. (ECF No. 16 at 13) Plaintiff states that the "decision also fails to evaluate the duration, frequency, and intensity of symptoms; dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions." (ECF No. 16 at 13) In contrast, Plaintiff noted that her diabetes medication was changed "on several occasions as a result of poor control of her sugars." *Id*. Plaintiff, without citation, states that "[n]otes indicate she has side effects of diarrhea." *Id*.

Plaintiff again contends there is no support for the ALJ's conclusion that she could work at a medium exertional level when she could not stand or walk for prolonged periods. (ECF No. at 13-14) Similarly, Plaintiff asserts that the ALJ did not explain his conclusions that other medical evidence, including spasms and tenderness in the thoracic spine and right upper back in August 2022, did not support a limitation to less than medium work. (ECF No. 16 at 14) In sum, Plaintiff claims that the ALJ relied upon inconsistencies in an attempt to undermine Plaintiff's

10

subjective complaints, but Plaintiff contends there were no such inconsistencies and the ALJ's arguments are undermined and not supported by the record.

The Eighth Circuit has addressed the requirements for dealing with subjective pain complaints:

> A disability claimant's subjective complaints of pain may be discounted if inconsistencies in the record as a whole bring those complaints into question. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). In assessing the credibility of a claimant's subjective pain complaints, an ALJ is to consider factors including the claimant's prior work record; the claimant's daily activities; observations of the claimant by third parties and treating and examining physicians; the duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of the claimant's medication; treatment, other than medication, for relief of the claimant's pain; and functional restrictions on the claimant's activities. *See id.* Although "an ALJ may not disregard [a claimant's] subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a[c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart,* 292 F.3d 576, 581 (8th Cir.2002) (internal citation omitted); *see also Goodale v. Halter,* 257 F.3d 771, 774 (8th Cir.2001) (noting that an ALJ may discount subjective complaints if there are inconsistencies in the evidence as a whole), *cert. denied,* 535 U.S. 908 (2002).

*Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). However, "[t]he ALJ need not explicitly discuss each *Polaski* factor." *Brown v. Chater,* 87 F.3d 963, 966 (8th Cir. 1996). It is sufficient if she acknowledges and considers those factors before discounting a claimant's subjective complaints. *Id.* The Court will not set aside an administrative finding based on an arguable deficiency in opinion-writing technique when it is unlikely it affected the outcome." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (citation omitted).

The Court holds that the ALJ properly accounted for Plaintiff's supportable pain complaints. Contrary to Plaintiff's claim, the ALJ explored several *Polaski* factors including her

testimony and allegations. (Tr. 23-24) The ALJ also discussed Plaintiff's activities of daily living, in particularly her ability to drive and perform regular part-time employment as an after-school teacher. (Tr. 23, 40-42)

Further, the Court agrees with the ALJ determination that Plaintiff's subjective complaints were not consistent with the medical record evidence. Plaintiff's medical treatment and examinations included objective findings, imaging, and observations that were inconsistent with disabling limitations. (Tr. 24-25, 301-08, 327, 336-37, 393, 415, 457, 477, 499, 548). Similarly, the prior administrative medical findings supported the determination that Plaintiff could perform work at a medium exertional level. (Tr. 25, 100-02, 106-08)

In conclusion, the Court finds that the ALJ properly accounted for Plaintiff's pain limitations to the extent that they were supported in the record. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). Here, the factors did not support a greater limitation and the RFC was supported by substantial evidence.

### IV.     Conclusion

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **AFFIRMED**.  A separate Judgment will accompany this Order.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Leland Dudek, Acting Commissioner of Social Security, is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of March, 2025.

13